UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLISON-LOUISE SHATTER

Plaintiff,
v.

ATCHINSON FORD SALES, INC.,

Defendant.
______________________________/

Case No. 23-10144

Matthew F. Leitman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER FOR SANCTIONS**

This matter is presently before the Court regarding Plaintiff's failure to adequately respond to the Court's Order to Show Cause, her failure to attend the Scheduling Conference set by the Court, and failure to file a Rule 26(f) plan. (ECF Nos. 14; 22).

On March 1, 2023, the Court issued an order requiring a Rule 26(f) meeting by telephone on April 20, 2023, at 10:00 A.M. (ECF No. 14, PageID.101). This order stated, "Plaintiff shall file a written Rule 26(f) plan and status report no later than **10 business days** before the Conference." (*Id.*) (emphasis original). On March 20, 2023, Plaintiff sought an extension of the date of the Scheduling Conference. (ECF No. 16). The Court saw no reason to delay the Scheduling Conference and denied Plaintiff's motion in regard to the Scheduling Conference.

(ECF No. 18, PageID.117). In this Order, the Court noted the Scheduling Conference remained set for April 20, 2023. (*Id.*).

Plaintiff did not appear for the telephonic Scheduling Conference or submit a 26(f) plan pursuant to the Court's Order. On April 20, 2023, the Court ordered Plaintiff to show cause in writing on or before **May 5, 2023**, why she did not participate in the Scheduling Conference. In this Order, the Court warned "**Failure to timely or adequately respond in writing to this Order to Show Cause could result in sanctions.**" (ECF No. 22, PageID.148) (emphasis original). On April 28, 2023, Plaintiff filed a document which the Court shall presume is her response to the Order to Show Cause because it is the only document filed since which could be construed as a response to the Order. (ECF No. 27, PageID.177).

Plaintiff's 'response' is a handwritten notation of "Acceptance Denied for Cause without Dishonor" written upon the Court's Order for Plaintiff to Show Cause. (*Id.*). Plaintiff filed this same 'response' a second time on May 5, 2023. (ECF No. 28). This response is deficient. The Court specifically warned that a failure to timely or adequately respond could result in sanctions.

The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976); *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988);

*Henthorn v. Hahn*, 19 F.3d 18 (6th Cir. 1994) ("The court did not abuse its discretion here because Henthorn had ample opportunity to demonstrate the impropriety of sanctions by responding to the district court's show cause order."). Proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties appearing in federal court and compliance with the orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (the relaxed pleading standards for *pro se* litigants do not apply to "readily comprehended court deadlines"). The authority of this Court includes the power to punish for "'disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)).

Pursuant to the Court's inherent power to sanction errant litigants, Plaintiff is hereby **ORDERED** to pay the sum of twenty-five dollars ($25.00) to the Clerk of Court by **May 31, 2023**. Monetary sanctions must be paid by a check payable to the United States District Court for the Eastern District of Michigan. Plaintiff is advised that failure to heed this Order in the time prescribed may result in further sanctions including even a recommendation of dismissal of Plaintiff's claims.

Although Plaintiff is proceeding *pro se*, she is nevertheless expected to know and adhere to the rules governing litigation in this Court. *West v. Saginaw*

*Twp. Police Dep't*, 2014 WL 3599495, at *2 (E.D. Mich. July 22, 2014) (a *pro se* plaintiff is "not excused from failing to follow the Federal Rules of Civil Procedure"); *Fields v. Cnty. of Lapeer*, 2000 WL 1720727 (6th Cir. 2000) ("It is incumbent on litigants, even those proceeding *pro se*, to follow . . . rules of procedure."); *Kitchen v. Corizon Health Inc.*, 2018 WL 286425, at *4 (W.D. Mich. Jan. 4, 2018) ("The Federal Rules of Civil Procedure bind even *pro se* individuals."). Plaintiff must conduct herself in the same manner attorneys must conduct themselves before the Court. Plaintiff is further encouraged to review the Federal Rules of Civil Procedure, the Local Rules of this district, practice guidelines of the judges assigned to this matter (available on the Court's website at www.mied.uscourts.gov), and any Orders filed in this case, if applicable.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: May 11, 2023,

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 11, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850