UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLISON-LOUISE SHATTER,

        Plaintiff,                         Case No. 23-cv-10144
                                               Hon. Matthew F. Leitman

v.

ATCHINSON FORD SALES, INC.,

        Defendant.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTION (ECF No. 32) TO ORDER FOR SANCTIONS (ECF No. 30); (2) OVERRULING PLAINTIFF'S OBJECTION (ECF No. 36) TO REPORT AND RECOMMENDATION (ECF No. 35); AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 19) WITHOUT PREJUDICE**

In this action, *pro se* Plaintiff Allison-Louise Shatter brings claims against Defendant Atchinson Ford Sales, Inc. arising out of her purchase of a 2022 Ford Explorer from Atchinson. (*See* Compl., ECF No. 1.)

On March 1, 2023, the assigned Magistrate Judge issued an order requiring the parties to participate in a telephone scheduling conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. (*See* Order, ECF No. 14, PageID.101.)  The Magistrate Judge also required the parties, no later than 10 business days before that conference, to file a Rule 26(f) report with the Court. (*See id.*)  Shatter did not file her Rule 26(f) report as ordered and did not appear at the scheduling conference.

After Shatter did not appear at the scheduling conference, the Magistrate Judge issued an order requiring Shatter to show cause in writing why she did not participate in the conference. (*See* Order, ECF No. 22.)  Shatter did not file any substantive response to the show cause order.  Instead, she filed a copy of the show cause order with the Court with the words "Acceptance Denied for Cause without Disorder" handwritten over the top of the first page of the order. (ECF No. 27, PageID.177.)

On May 30, 2023, the Magistrate Judge sanctioned Shatter in the amount of $25.00 due to her failure to follow the Magistrate Judge's prior orders. (*See* Order, ECF No. 30.)  Shatter filed an objection to the sanctions order on May 16, 2023. (*See* Objection, ECF No. 32.)  Shatter's objection is non-responsive and does not show any error in the Magistrate Judge's reasoning.  For example, Shatter writes that she "should not be sanctioned just because this Court feels that the response by [her] to its 26F discovery order was 'deficient' and did not meet the same standards of an attorney." (*Id.*, PageID.196.)  But Shatter was not sanctioned for filing a "deficient" Rule 26(f) report.  She was sanctioned for (1) failing to file *any* Rule 26(f) report as the Magistrate Judge required, (2) failing to appear for a scheduling conference without explanation, and (3) when she was given the opportunity to explain these failures, filing a non-responsive reply to the Magistrate Judge's show cause order.  As the Magistrate Judge accurately explained to Shatter, her status as a *pro se* litigant

does not excuse her from complying with the Federal Rules of Civil Procedure or the Court's orders. (*See* Order, ECF No. 30, PageID.191-192.)

Under these circumstances, the Court concludes that the Magistrate Judge's imposition of a $25.00 sanction is appropriate.  Shatter's objection is therefore **OVERRULED**.  Shatter shall pay the sum of twenty-five dollars ($25.00) to the Clerk of Court by no later than **August 31, 2023**.  Monetary sanctions must be paid by a check payable to the United States District Court for the Eastern District of Michigan.  The failure to comply with this order could result in additional sanctions, including the dismissal of Shatter's Complaint.

Finally, the Court addresses Shatter's motion for summary judgment. (*See* Mot., ECF No. 19.)  On July 7, 2023, the Magistrate Judge issued a Report and Recommendation in which he recommended that the Court deny the motion without prejudice because the motion was premature and filed before the parties had an opportunity to complete discovery (the "R&R"). (*See* R&R, ECF No. 35.)  On July 13, 2023, Shatter filed with the Court a document that she titled a "Petition for Order in the Nature of a Writ of Mandamus." (ECF No. 36.)  The Court construes Shatter's petition as an objection to the R&R and **OVERRULES** it.[1]  The petition does not

---

[1] To the extent that Shatter did not intend to object to the R&R in her petition, she has failed to file any objections to the R&R.  That failure would provide an independent basis to adopt the recommended disposition of the R&R and to deny Shatter's summary judgment motion. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991).

address, in any substantive way, the Magistrate Judge's reasoning explained in the R&R. More specifically, while Shatter insists that "the Court has a non-discretionary duty to grant summary judgment" in her favor (*id.*, PageID.233), she has not explained how the Magistrate Judge erred when he concluded that Shatter's motion was premature. Shatter will have a full opportunity to re-file her summary judgment motion, if appropriate, following the completion of discovery.

For the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Shatter's objection (ECF No. 32) to the Magistrate Judge's sanctions order (ECF No. 30) is **OVERRULED**;

- Shatter's objection (ECF No. 36) to the R&R (ECF No. 35) is **OVERRULED**; and

- Shatter's motion for summary judgment (ECF No. 19) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 1, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 1, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126