UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLISON-LOUISE SHATTER                    Case No. 23-10144

Plaintiff,                                Matthew F. Leitman
                                          United States District Judge
v.
                                          Curtis Ivy, Jr.
ATCHINSON FORD SALES,                     United States Magistrate Judge
INC.,

Defendant.
_____/

## RULE 41(b) DISMISSAL OF PLAINTIFF'S CLAIMS.

This matter is presently before the Court regarding Plaintiff's failure to prosecute her case. (ECF No. 33). This case has been referred to the undersigned for all pretrial matters. (ECF No. 8).

### I.    Factual Background

Plaintiff initiated this lawsuit on January 17, 2023, and appears to be raising a claim under the Consumer Credit Protection Act. (ECF No. 1). This case involves the purchase of a 2022 Ford Explorer ("vehicle") by Plaintiff from Defendant in October 2022. (*Id.* at PageID.8). Plaintiff's claim stems from a missing signature and that Defendant "noticed they missed one signature on the consumer credit transaction" and contacted Plaintiff via phone starting on November 4, 2022, because she needed to sign the form. (*Id.*). Plaintiff indicates

1

she was unavailable during the period Defendant requested but she suggested

Defendant mail her the form.  (*Id.*).  In the week following, Plaintiff explains that

Defendant's employees "continued to harass" her and make "demands" that

Defendant come to Plaintiff's abode to get the signature.  (*Id.*).  On November 8,

2022, Plaintiff indicates she mailed a 'recission notice' via certified mail to

Defendant.  (*Id.*).  Plaintiff also emailed Defendant's employees on November 11,

2022, "demanding" that Defendant's representatives cease contacting her and

noting that their conduct had caused her to suffer harm, emotional distress, and

physical discomfort.  (*Id.*).

The owner of Defendant responded to this email "admitting that Defendant`s

representatives made a mistake on the consumer credit transaction" and

"threatening" Plaintiff that if she did not sign the form then she would have to

return the vehicle.  (*Id.*).  Plaintiff indicates Defendant also threatened to report the

vehicle stolen.  (*Id.*).  Defendant explains it sought to assign the retail installment

sale contract ("RISC") to Ford Credit, but the assignment was rejected because of

hand-written notations added to the contract by Plaintiff.  (ECF No. 33,

PageID.202).  Ford Credit then sent out a lien release, presumably because it

rejected the assignment.  (*Id.*).  In her complaint, Plaintiff states that she received

the letter from Ford Credit rejecting the RISC.  (ECF No. 1, PageID.9).  After

receiving this letter, Plaintiff mailed what she characterizes as a conditional

acceptance and acknowledgment to the Defendant "acknowledging and accepting Defendant's error, however [Plaintiff] is not liable for any error that a Defendant representative makes." (*Id.*).  Plaintiff alleges Defendant made more attempts to contact her and she responded with what she characterizes as a notice of default. (*Id.*).  Defendant states that on November 16, 2022, it sent a notice that it was the acting lender and all payments would need to be made to Defendant directly.  (ECF No. 33, PageID.203).  The undersigned notes that it appears Plaintiff received the notice that Defendant was the acting lender after Ford Credit rejected the assignment of the RISC because the notice is attached to Plaintiff's complaint as exhibit 4.  (ECF No. 1, PageID.37).  The car was repossessed on January 4, 2023. (ECF No. 33, PageID.203).

Defendant filed an answer and brought a counter claim raising claims of breach of contract, claim and delivery, and now requests a declaratory judgment related to the title of the vehicle, which it argues Plaintiff appears to have transferred to her own trust during this action.  (*Id.* at PageID.203).  Defendant argues that "[t]o date, [Plaintiff] has not provided anything which disputes the fact that she breached the RISC by failing to make payments, or that [Defendant] is [not] entitled to the remedies provided by the RISC."  (*Id.* at PageID.203-4).

## I.     Analysis and Conclusions

As noted, Plaintiff Allison-Louise Shatter filed this case without the assistance of counsel on January 17, 2023. (ECF No. 1). This matter is presently before the Court regarding Plaintiff's failure to prosecute this case.

On March 1, 2023, the Court issued an order requiring a Rule 26(f) meeting by telephone on April 20, 2023, at 10:00 A.M. (ECF No. 14, PageID.101). This order stated, "Plaintiff shall file a written Rule 26(f) plan and status report no later than **10 business days** before the Conference." (*Id.*) (emphasis original). On March 20, 2023, Plaintiff sought an extension of the date of the Scheduling Conference. (ECF No. 16). The Court saw no reason to delay the Scheduling Conference and denied Plaintiff's motion . (ECF No. 18, PageID.117). In this Order, the Court noted the Scheduling Conference remained set for April 20, 2023. (*Id.*).

Plaintiff did not appear for the telephonic Scheduling Conference or submit a 26(f) plan pursuant to the Court's Order. (ECF No. 22, PageID.148). On April 20, 2023, the Court Ordered Plaintiff to show cause in writing on or before May 5, 2023, why she did not participate in the Scheduling Conference. In this Order, the Court warned "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause could result in sanctions**." (*Id.*) (emphasis original). The same day, the Court issued a Case Management Order for this matter. (ECF No. 23).

On April 28, 2023, Plaintiff filed a document which the Court presumed was her response to the Order to Show Cause because it is the only document filed since which could be construed as a response to the Order. (ECF No. 27, PageID.177).  Plaintiff's 'response' was a handwritten notation of "Acceptance Denied for Cause without Dishonor" written upon the Court's Order for Plaintiff to Show Cause.  (*Id.*).  Plaintiff filed this same 'response' a second time on May 5, 2023.  (ECF No. 28).  The Court found this response deficient and sanctioned Plaintiff in the sum of twenty-five dollars ($25.00).  (ECF No. 30, PageID.191).

Plaintiff objected to the sanction.  (ECF No. 32).  United States District Judge Matthew F. Leitman overruled Plaintiff's objection to the sanction as well as other objections by Plaintiff.  (ECF No. 44).  Judge Leitman set a new deadline of August 31, 2023, for Plaintiff to pay the sanction.  (*Id.* at PageID.272).  To date, Plaintiff has failed to pay the sanction.

Defendant filed a motion for partial summary judgment on June 29, 2023.  (ECF No. 33).  On June 30, 2023, the Court Ordered Plaintiff to file a response to Defendant's motion by July 31, 2023.  (ECF No. 34, PageID.223).  In this Order, the Court warned "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**"  (*Id.*) (emphasis original).  Between June 30, 2023, and August 15, 2023, Plaintiff filed various documents such as a "Petition for Order in the Nature of a Writ of

Mandamus[,]" her 'recession letter,' and her 'notice of default,' among other miscellaneous documents.  (ECF No. 36; 37; 38; 39; 40; 41; 42; 43).  None of these documents could be reasonably construed as a response brief to Defendant's motion for partial summary judgment.

On August 15, 2023, the Court Ordered Plaintiff to show cause in writing why the Court should not recommend that Defendant's motion be granted or that the case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).  (ECF No. 45, PageID.274).  The Court noted that alternatively, Plaintiff could respond to the Order to Show Cause by filing her response to Defendant's motion.  (*Id.*).  In this Order, the Court warned "**[f]ailure to timely or adequately respond to this Order to Show cause will result in sanctions which may include a report and recommendation to grant Defendant's motion or dismiss this case for failure to prosecute**."  (*Id.*) (emphasis original).  The deadline for Plaintiff to either show cause or file her response brief was August 31, 2023.  (*Id.*).

Following the entry of the Order to Show Cause, Plaintiff has filed two notices of "Fraud Upon the Court[,]" a "Petition for Order in the Nature of a Writ of Mandamus[,]" and what appears to be a second objection to the Order for Sanctions.  (ECF No. 46; 47; 48; 49).  To date, Plaintiff has not paid the sanction, responded to Court's Order to file a response to Defendant's motion for partial

summary judgment, or responded to the Order to Show Cause as required.  Thus, for the reasons below, the undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).

Pursuant to Federal Rule of Civil Procedure 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [her] failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)).  Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Id.* at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad
> faith, or fault; (2) whether the adversary was prejudiced
> by the dismissed party's conduct; (3) whether the
> dismissed party was warned that failure to cooperate
> could lead to dismissal; and (4) whether less drastic
> sanctions were imposed or considered before dismissal
> was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, on balance, these factors weigh in favor of dismissal.

The first factor "requires 'a clear record of delay or contumacious conduct.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (quoting *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997)).  "Contumacious conduct refers to behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id.* (quoting *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir.2008)).  The plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id.*  (internal quotations omitted, further citation omitted). Plaintiff's repeated failures to comply with the Court's orders and to meaningfully participate in the litigation that she initiated demonstrate bad faith, willfulness, or fault for purposes of Rule 41(b) because she has shown that she either intends to thwart these proceedings or has a reckless disregard for the effect of her conduct here.

In any event, "defendants cannot be expected to defend an action" that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. May 27, 2008).  For these reasons, the first and second factors weigh in favor of dismissal.  Based on the multiple warnings given to Plaintiff, the third factor also weighs in favor of dismissal.  This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, disregarded court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.  *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *Williams v. Cty. of Saginaw*, 2019 WL 5957234, (E.D. Mich. Oct. 21, 2019), *report and recommendation adopted*, 2019 WL 5896603 (E.D. Mich. Nov. 12, 2019).

Despite the Court's warnings that her action may be dismissed, Plaintiff failed to respond to the Court's Order to show cause.  In the Order to Show Cause, the Court explicitly warned that "**[f]ailure to timely or adequately respond to this Order to Show cause will result in sanctions which may include a report**

**and recommendation to grant Defendant's motion or dismiss this case for failure to prosecute.**" (ECF No. 45, PageID.274) (emphasis original).  Despite this clear warning, Plaintiff has provided no good reason why the undersigned should not recommend the complaint be dismissed.  *See Labreck*, *2.

As to the next factor, the undersigned previously pursued less dramatic sanctions and Plaintiff has yet to pay the sanction for her previous failure to comply.  (ECF No. 30).  Given Plaintiff's failure to respond to the Court's Order to file a response brief or the Court's Order to Show Cause, the undersigned sees no utility in considering or imposing lesser sanctions.  Thus, taken together, these factors support dismissal for failure to prosecute.  It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant."  *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  That said, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case."  *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2.

For these reasons, the undersigned concludes Plaintiff has effectively abandoned her case by repeatedly failing to follow the Court's orders.  Under these circumstances, dismissal with prejudice of Plaintiff's claims is appropriate.

## II.    Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).  (ECF No. 1).  Defendant's counterclaims remain pending in this matter.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: October 2, 2023                              s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of
record and any unrepresented parties via the Court's ECF System or by First Class
U.S. mail on October 2, 2023.

                                                   s/Sara Krause
                                                   Case Manager
                                                   (810) 341-7850