UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLISON-LOUISE SHATTER,<br> Plaintiff/Counter-Defendant,<br>v.<br><br>ATCHINSON FORD SALES,<br>INC.,<br> Defendant/Counter-Plaintiff.<br>_____/ | Case No. 23-10144<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (ECF No. 33)**

**I. PROCEDURAL HISTORY**

Plaintiff Allison-Louise Shatter filed this suit on January 17, 2023. (ECF No. 1). Defendant filed an answer to the complaint and a counterclaim on February 28, 2023. (ECF Nos. 11, 12). Plaintiff did not file an answer to the counterclaim as ordered. (*See* Order dated March 20, 2023). Defendant moved for partial summary judgment relating to its counterclaims on June 29, 2023 (ECF No. 33). Plaintiff did not file a response despite an order to do so. (ECF No. 34).

Plaintiff moved for a writ of mandamus on October 6, 2023. (ECF No. 53).

Plaintiff's complaint was dismissed with prejudice for her failure to prosecute her claims. (ECF No. 79). Defendant's state law counterclaims are the only pending claims. (ECF No. 79). As a result, the Court ordered additional

briefing on whether the Court should decline to exercise supplemental jurisdiction over the counterclaims. (ECF No. 57). Defendant filed a brief (ECF No. 70), Plaintiff did not. The Court later granted leave to file supplemental briefing on the issue of Plaintiff's Trust, explained below, and the Court's authority to grant Defendant's requested relief. (ECF No. 76). Defendant filed a brief (ECF No. 77), Plaintiff did not.

Throughout this litigation, Plaintiff persisted in a pattern of ignoring the Court's Orders and returning or "rejecting" Orders or documents from Defendant.

This case was referred to the undersigned for all pretrial matters. (ECF No. 8).

## II.   COMPLAINT AND COUNTERCOMPLAINT ALLEGATIONS

This case arises out of an agreement (a Retail Installment Sale Contract ("RISC")) entered during October 2022 by which Defendant Atchinson Ford, a car dealership, would sell Plaintiff a Ford Explorer with monthly payments due for 72 months. According to Plaintiff, the dealership neglected to get Plaintiff's signature on a page in the RISC on which signature was required, so employees called Plaintiff repeatedly, harassingly asking that she go to the dealership to sign the agreement. (ECF No. 1, PageID.8-9). It appears from the complaint that Ford Credit was originally going to finance the purchase, but then rejected Plaintiff's application on November 17, 2022. Plaintiff requested a release of lien letter to

2

remove Ford Credit as a lienholder. On November 8, 2022, Plaintiff mailed a "recession notice" to Defendant, apparently rescinding the contract. Defendant later repossessed the car. (*Id.* at PageID.8-10). She raised claims under the Federal Debt Collection Practices Act and various other federal and state laws. (*Id.* at PageID.16-18).

Defendant[1] also expanded the basic facts here in its countercomplaint. Attached in Exhibit A is a copy of the RISC. (ECF No. 12, PageID.89-94). The document was signed by Plaintiff. Defendant attempted to assign the RISC to lender Ford Credit, but the application was rejected. Defendant then notified Plaintiff of her obligation to make monthly payments directly to the dealership. (*Id.* at PageID.81, ¶¶ 7-10). Plaintiff represented that she did not intend to make any payments and obtained a new car title removing any lien. (*Id.* at PageID.82, ¶ 11-12). According to the RISC, payment default allowed Defendant to repossess the vehicle and made the entire unpaid balance due. (*Id.* at ¶ 15). Defendant exercised that option on January 4, 2023, after two missed payments. (*Id.* at ¶ 16). Defendant counterclaims for breach of contract, claim and delivery, and declaratory judgment. It seeks entry of judgment ordering that it be placed on the

---

[1] Though Defendant is a counter-plaintiff now, the undersigned will continue to refer to the parties as they were originally named for clarity considering Plaintiff is unrepresented.

3

title to the vehicle as owner or first secured party and declaring that it is entitled to title and ownership of the vehicle.

In its motion for partial summary judgment, Defendant explains that Plaintiff created a revocable living trust, the "Shatter Explorer 2022 Trust," and put the car's title in the Trust's name without a security interest on the title. (ECF No. 33, PageID.202).

## III. ANALYSIS AND RECOMMENDATIONS

There are two main issues to address: (1) whether the Court should decline exercising supplemental jurisdiction and (2) the substance of Defendant's dispositive motion.

### A. Supplemental Jurisdiction

As mentioned above, the Court ordered the parties to file supplemental briefing on the issue of whether the Court should accept or decline exercising supplemental jurisdiction over Defendant's countercomplaint now that all federal law claims have been dismissed. In its supplemental brief, Defendant argued that the Court should exercise supplemental jurisdiction over its countercomplaint because the countercomplaint is compulsory and the claims are intertwined with Plaintiff's federal claims. It also wishes to avoid having to file a lawsuit in state court. (ECF No. 70). Again, Plaintiff did not respond.

4

Supplemental jurisdiction over state-law claims is a doctrine of discretion, not of right. *Schmidt v. PennyMach Loan Servs., LLC*, 106 F. Supp. 3d 859, 872 (E.D. Mich. 2015). Whether to exercise the discretion to assert supplemental jurisdiction remains open throughout the litigation. *Utd. Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). A district court may decline to exercise supplemental jurisdiction over a claim if one of the following are met:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Court's discretion is informed by the "'values of judicial economy, convenience, fairness, and comity.'" *RJ Control Consultants, Inc. v. Multiject, LLC*, 2023 WL 4229012, 16-10728 at *2 (E.D. Mich. May 23, 2023) (citing *Gamel v. City of Cincinati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). When only state claims remain and there is no diversity jurisdiction, the balance often tips toward declining jurisdiction. *RJ Control Consultants*, 2023 WL 4229012, at *2 (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir.

5

1996)). "But it tilts the other way when (1) the case has been on the court's docket for a while; (2) discovery has closed; (3) summary judgment motions have been filed and are ripe for review; or (4) the district court was familiar with the facts of the case and invested significant time in the litigation." *Id.* (citing *Harper v. Auto All. Int'l*, 392 F.3d 195, 211-12 (6th Cir. 2004) and *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284 (6th Cir. 1992)). Even still, the Sixth Circuit has stated repeatedly that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Id.* (citing *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009).

Though the federal claims have been dismissed, the undersigned recommends exercising supplemental jurisdiction over Defendant's countercomplaint for several reasons. This case has been on the docket for over a year, and Defendant's motion for judgment on the pleadings has been pending for many months. Plaintiff failed to respond to the motion for judgment on the pleadings, and the issues raised in that motion are not complex issues of state law. That motion is ripe for review. Discovery is closed. And Plaintiff did not oppose Defendant's arguments to exercise supplemental jurisdiction.

B. <u>Defendant's Motion</u>

Although Defendant titled its motion as one for summary judgment, it brings its motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings. The standard

6

of review for a motion for judgment on the pleadings under Rule 12(c) is substantially the same as that for a motion to dismiss under Rule 12(b). *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) ("A rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss.") (citations omitted). When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727

F.3d 502, 503 (6th Cir. 2013). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

Defendant argues that it is undisputed that Plaintiff breached the contract by failing to make a payment and that the breach entitled it to repossess the car under the terms of the RISC. (ECF No. 33, PageID.205-06). The pleadings support Defendant's position. The RISC, signed by Plaintiff, required her to make monthly payments. (ECF No. 12, PageID.90). Plaintiff made none. Because of Plaintiff's default, the RISC entitled Defendant to repossess the vehicle and make all unpaid amounts due. The RISC provides that Defendant can then sell the vehicle. (*Id.* at PageID.92). Without any opposition to the motion, the undersigned finds no material issue of fact and that Defendant is entitled to judgment on its breach of contract claim.

Defendant asserts that it should be granted a declaratory judgment deeming it the rightful owner and title holder of the vehicle and allowing it to sell the vehicle. (ECF No. 33, PageID.207). It seeks an order directing the Michigan Secretary of State to place the car title in its name.

The car is currently in Plaintiff's Trust's name. (*See* ECF No. 33-2). The title documents reflect that Plaintiff first obtained a title to the car, in her name,

with Ford Motor Credit Company listed as the first secured party. (*Id.* at PageID.220). Ford Credit then issued a Release of Lien letter on November 17, 2022 when it rejected the financing application. (*Id.* at PageID.222). Plaintiff then applied for a new title listing the owner as Shatter Explorer 2022 Trust. (*Id.* at PageID.212). The new title, which excluded any secured interest, was issued on March 21, 2023, after Defendant had repossessed the car. (*Id.* at PageID.213).

In supplemental briefing, Defendant explained that the only proof of the existence of the revocable living Trust is the Michigan Department of State Certification that Plaintiff filed on March 29, 2023. (ECF No. 77-4, PageID.473). It also argued that the existence of the Trust and the fact that the car is Trust property does not bar relief because Michigan law protects creditors rights in situations like this.

"Under Michigan law, a revocable trust is not a separate legal entity with regard to the rights of creditors." *Mickam v. Joseph Louis Palace Tr.*, 849 F. Supp. 516, 523 (E.D. Mich. 1993) (citing Mich. Comp. Laws § 556.128). Michigan law states that, "[d]uring the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors." Mich. Comp. Laws § 700.7506(1)(a). Based on the documents provided, Plaintiff is the settlor of the Shatter Explorer 2022 Trust. (ECF No. 77-4, PageID.473). Thus, the car is deemed to be the property of Plaintiff with regard to her creditors. For this reason, Defendant

9

contends that the Trust is not a necessary party to this lawsuit.  The undersigned agrees that the Trust need not be made a party since Plaintiff is a party.  *See Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC*, 2022 WL 4390636, at *5 (E.D. Tenn. Sept. 22, 2022).

In short, the existence of the Trust does not affect the Court's ability to grant Defendant relief.  That said, the undersigned is not convinced that Defendant is entitled to an order directing that it be named owner of the vehicle.  "[R]epossession is merely a device to collect on the creditor's claim, . . . repossession does not transfer ownership to the creditor."  *In re Sanders*, 291 B.R. 97, 101 (Bankr. E.D. Mich. 2003) (citations omitted).  Plaintiff remains the legal and equitable owner until Defendant disposes of the car.  *Id.*  This is confirmed by Mich. Comp. Laws § 257.236a(1), which provides the mechanism for Defendant to transfer the vehicle after resale without first becoming the legal and equitable owner.  Indeed, the RISC gives Plaintiff the equitable right of redemption.  In light of this authority, the undersigned does not recommend granting all the relief Defendant requests.  Defendant also seeks an Order stating that it has a right to sell the vehicle in accordance with the RISC, but this appears unnecessary given the provisions of the RISC and Mich. Comp. Laws § 257.236a.  Without any authority supporting Defendant's request that it be named as owner of the vehicle, the undersigned recommends the following:

The motion for judgment on the pleadings should be granted because there is no issue of material fact that Plaintiff breached the RISC. Defendant succeeds on the breach of contract claim and Defendant properly repossessed the vehicle in accordance with the RISC. The claim for declaratory judgment should be granted insofar as Defendant properly repossessed the vehicle and may take further action under Mich. Comp. Laws § 257.236a(1), and to dispose of the vehicle and satisfy the debt as provided for in the RISC and Michigan law.

It is unclear why Defendant did not move for judgment on Count II for claim and delivery, but it would appear that granting the motion for judgment on the pleadings resolves that claim, too. In Count II, Defendant asserts that it is entitled to an Order awarding possession of the car under the RISC and the ability to title the car in its name and to dispose of the car.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's motion for judgment on the pleadings (ECF No. 33) be **GRANTED IN SUBSTANTIAL PART**, but denied to the extent that it not be deemed the legal and equitable owner of the car.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 5, 2024.            s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 5, 2024.

                                          s/Sara Krause
                                          Case Manager
                                          (810) 341-7850