UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLISON-LOUISE SHATTER,

      Plaintiff,

Case No. 23-cv-10144
Hon. Matthew F. Leitman

v.

ATCHINSON FORD SALES, INC.,

      Defendant.
_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 89) TO REPORT AND RECOMMENDATION (ECF No. 84) AND (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION**

In this action, *pro se* Plaintiff Allison-Louise Shatter brought claims against Defendant Atchinson Ford Sales, Inc. arising out of her purchase of a 2022 Ford Explorer from Atchinson. (*See* Compl., ECF No. 1.)  The Court dismissed those claims by order dated December 5, 2023. (*See* Order, ECF No. 79.)

Atchinson also filed the following counterclaims against Shatter:

- Breach of Contract (Count I);
- Claim and Delivery (Count II); and
- Declaratory Judgment (Count III).

(*See* Counterclaims, ECF No. 12.)

1

On June 29, 2023, Atchinson filed a motion for partial summary judgment on its counterclaims. (*See* Mot., ECF No. 33.)  In that motion, Atchinson sought the following relief: (1) summary judgment on its breach of contract claim and (2) "a declaratory judgment deeming it the rightful owner and title holder to the [subject] vehicle and allowing it to sell the vehicle and claim the proceeds" of that sale. (*Id.*, PageID.207.)

On January 5, 2024, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court grant Atchinson summary judgment on its breach of contract claim (the "R&R"). (*See* R&R, ECF No. 84, PageID.533.)  In addition, the Magistrate Judge recommended that "[t]he claim for declaratory judgment should be granted insofar as [Atchinson] properly repossessed the vehicle and may take further action under Mich. Comp. Laws § 257.236a(1), and to dispose of the vehicle and satisfy the debt as provided for in the [parties' contract] and Michigan law." (*Id.*)  However, the Magistrate Judge concluded that Atchinson was not entitled to an order declaring it the owner of Shatter's vehicle. (*See id.*, PageID.532.)  In sum, the Magistrate Judge recommended that the Court grant Atchinson all of the relief it sought in its motion *except* for its request that it be declared the owner of Shatter's vehicle.

2

At the conclusion of the R&R, the Magistrate Judge explained to the parties that if they wanted to object to his recommendation, they needed to file specific objections with the Court within 14 days. (*See id.*, PageID.533-534.) The Magistrate Judge then explained that each objection needed be individually labeled and "recite precisely the provision of [the R&R] to which it pertains." (*Id.*, PageID.534.)

On January 23, 2014, Shatter filed a response to the R&R. Rather than filing specific objections to the R&R, Shatter filed a document that she titled "Judicial Notice of Additional Fraud Upon the Court, Collusion to Commit Fraud, Misprison of Felony and Non-Acceptance of Presentment." (Notice, ECF No. 89.)  In that notice, Shatter did not raise any specific objection to the Magistrate Judge's legal conclusions in the R&R.  Instead, Shatter wrote that "acceptance" of the R&R was "denied" because it was an "example[] of unlawful acts of harassment, abuse of process, fraud, and extortion under of color of law" perpetuated against her by the Magistrate Judge, this Court, and the Chief Judge of this Court. (*Id.*, PageID.572-573.)  Shatter also submitted a copy of the R&R in which she wrote, in large, hand-written text: "Acceptance denied for cause, fraud upon the court, misprison of felony, perjury of oath of office and to the bar." (*Id.*, PageID.574.)

Shatter's notice and refusal to accept the R&R does not constitute a valid objection to the Magistrate Judge's recommendation.

Likewise, Atchinson did not file any objections to the R&R.

3

The failure of both parties to object to the R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Accordingly, because no party filed a valid objection to the R&R, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of Atchinson's motion for summary judgment is **ADOPTED**.

**IT IS FURTHER ORDERED** that Atchinson's motion for summary judgment (ECF No. 33) is **DENIED** to the extent Atchinson seeks to be named owner of the subject vehicle and **GRANTED** in all other respects.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2024

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 24, 2024, by electronic means and/or ordinary mail.

                                              <u>s/Holly A. Ryan</u>
                                              Case Manager
                                              (313) 234-5126